# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### January 15, 2013 Session

## STATE OF TENNESSEE  v. KEVIN JAMES CALLAHAN

**Appeal from the Circuit Court for Williamson County**
**No. I-CR055651-A      Robbie T. Beal, Judge**

---

**No. M2012-01112-CCA-R3-CD - Filed April 29, 2013**

---

The defendant, Kevin James Callahan, pleaded guilty to one count of delivery of Percocet and one count of delivery of Oxycodone, both Schedule II controlled substances, and the Williamson County Circuit Court sentenced him as a Range I, standard offender to concurrent terms of four years' imprisonment, suspended to probation following the service of six months' incarceration in the county jail.  On appeal, the defendant argues that the sentence imposed was excessive in manner of service.  Discerning no error, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3; Judgments of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and PAUL G. SUMMERS, SR. J., joined.

James L. Elkins III, Assistant Public Defender, for the appellant, Kevin James Callahan.

Robert E. Cooper, Jr., Attorney General and Reporter; Meredith Devault, Assistant Attorney General; Kim R. Helper, District Attorney General; and Sean Bernard Duddy and Terry E. Wood, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

On May 9, 2011, the Williamson County grand jury charged the defendant with delivery of Percocet, delivery of Oxycodone, delivery of Roxicodone, and driving on a suspended license, all occurring on three separate dates in October and November 2010.  On February 27, 2012, the defendant pleaded guilty to delivery of Percocet and delivery of Oxycodone.  Pursuant to the plea agreement, the parties agreed that the defendant would be sentenced as a Range I, standard offender to four years' incarceration, that the sentences would be served concurrently, and that the effective sentence would be suspended after

service of one year. The plea agreement left to the trial court's discretion the manner of service of that one year. In addition, the defendant agreed to pay a $3000 fine. At the plea submission hearing, the State dismissed the other two counts of the indictment.

At the May 7, 2012 sentencing hearing, the defendant testified that he sold the Percocet and Oxycodone pills because he was in need of money to pay his electric bill and to buy food. He stated that his disability check was his sole source of income but that it was not enough to cover his expenses. He did acknowledge that he had cable television, which he admitted was a luxury. He testified that he suffered from a number of significant physical and mental conditions, which he opined would make incarceration physically excruciating and would cause him to "go nuts mentally."

On cross-examination, the defendant acknowledged that he had graduated from high school and had completed "various college programs." He also admitted that his physical and mental disabilities have been present since at least 2003. In addition, the defendant was questioned about his extensive criminal record, which includes at least eight convictions and dates back to 1984. In that year, at the age of 18, the defendant was convicted in Texas of felony burglary of a habitation and was sentenced to ten years' probation. During those ten years, two motions to revoke his probation were filed; and the defendant was convicted of public intoxication in 1987 in Knox County, Tennessee. The Texas district court disposed of the felony burglary case in 1995 with the notation "unsatisfactory termination of probation." In 1999, at the age of 32, the defendant was convicted of misdemeanor theft and sentenced to six months' probation, and he violated that probation. In 2000, the defendant served 90 days in jail following a conviction of contributing to the delinquency of a minor, and in 2001, at the age of 35, the defendant was sentenced to serve 11 months, 29 days of probation for attempting to pass a forged instrument.

In determining the manner of service of the defendant's sentence, the trial court considered as mitigation that the defendant's "criminal conduct neither caused or theaten[ed] serious bodily injury." *See* T.C.A. § 40-35-113(1). Although the trial court did not find any other mitigating factors, the trial court did take into consideration the defendant's testimony that he was attempting to provide necessities for himself and that he was induced to commit the crimes by an aggressive confidential informant. *See id.* § 40-35-113(7), (12). As enhancement, the trial court noted the defendant's "lengthy criminal history" and found that the defendant "does have a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range." *See id.* § 40-35-114(1). The trial court conceded that ordering the defendant to serve a full year of incarceration would be difficult for him to endure. The court then ruled as follows:

The Court is not impressed that probation would be or has been an effective deterrent for the defendant. His conditions may have changed. He's more homebound now than original as [his trial counsel] argued, but still the Court believes his history of criminal convictions and the times that he's appeared in court are excessive.

Obviously, the Court does have an interest in making sure that the members of the public at large understand that they're not to take their medication and sell to anyone else, that it's against the law. The Court does believe that there is a deterrence value in sending a message to the community that if you engage in behavior such as this that jail time is a realistic possibility.

All that to be said, acting within the scope of the agreement wherein the parties agreed that . . . the four years in TDOC would be suspended after one year, however, that one year of service would be left up to the Court. Court is going to go ahead and sentence [the defendant] to serve six months of that time period in the county jail . . . . So technically, it's going to be four years suspended after he serves six months in the county jail. I don't see any reason to put the gentleman on intensive probation.

On appeal, the defendant asserts that the sentence imposed by the trial court is excessive. The State argues that the record supports the trial court's sentencing decision. Following our review, we agree with the State.

Since the passage of the 1989 Sentencing Act, our standard of review when considering challenges to the length and manner of service of a sentence has been de novo review with a presumption that the determinations of the trial court are correct. T.C.A. § 40-35-401(d) (2006) ("When reviewing sentencing issues raised pursuant to subsection (a), including the granting or denial of probation and the length of sentence, the appellate court shall conduct a de novo review on the record of the issues. The review shall be conducted with a presumption that the determinations made by the court from which the appeal is taken are correct."). In 2005, the general assembly amended the Sentencing Act to bring our sentencing law into compliance with federal constitutional requirements as enunciated in *Blakely v. Washington*, 542 U.S. 296 (2004), and its progeny. Notably, the 2005 revisions rendered advisory the enhancement and mitigating factors and removed the presumptive

sentence to be imposed by the trial court. *State v. Carter*, 254 S.W.3d 335, 345-46 (Tenn. 2008). In a number of cases following passage of the 2005 amendments, our supreme court signaled that the statutorily prescribed standard of review, de novo with a presumption of correctness, might be at odds with what had become a far more discretionary sentencing scheme. *See, e.g.*, *Carter*, 254 S.W.3d at 344, 346. In *State v. Cross*, 362 S.W.3d 512 (Tenn. 2012), the court again wrestled with the "the precise metes and bounds of appellate review under the current increased trial court discretion structure" but ultimately left the issue unsettled. *State v. Cross*, 362 S.W.3d 512, 529 (Tenn. 2012). The court visited the issue most recently in *State v. Bise*, and ultimately concluded that "although the statutory language continues to describe appellate review as de novo with a presumption of correctness," the 2005 revisions to the Sentencing Act "effectively abrogated the de novo standard of appellate review." *State v. Bise*, 380 S.W.3d 682, 707 (Tenn. 2012). Observing that a change in our standard of review was necessary to comport with the holdings of the United States Supreme Court, our supreme court "adopt[ed] an abuse of discretion standard of review, granting a presumption of reasonableness to within-range sentencing decisions that reflect a proper application of the purposes and principles of our Sentencing Act." *Id.* The court held that "sentences imposed by the trial court within the appropriate statutory range are to be reviewed under an abuse of discretion standard with a 'presumption of reasonableness'" afforded to sentencing decisions of the trial court. *Id.* at 708.

The supreme court observed, however, that in making its sentencing decision, a trial court must consider the principles of sentencing enumerated in Code section 40-35-210(b). *See Bise*, 380 S.W.3d at 698 n.33(citing T.C.A. § 40-35-210(b)). Those are:

> (1) The evidence, if any, received at the trial and the sentencing hearing;
>
> (2) The presentence report;
>
> (3) The principles of sentencing and arguments as to sentencing alternatives;
>
> (4) The nature and characteristics of the criminal conduct involved;
>
> (5) Evidence and information offered by the parties on the mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114;
>
> (6) Any statistical information provided by the administrative

office of the courts as to sentencing practices for similar offenses in Tennessee; and

(7) Any statement the defendant wishes to make in the defendant's own behalf about sentencing.

T.C.A. § 40-35-210(b). By statute, the trial court must also consider "[t]he potential or lack of potential for the rehabilitation or treatment of the defendant . . . in determining the sentence alternative or length of a term to be imposed." *Id.* § 40-35-103(5). The court cautioned that, despite the wide discretion afforded the trial court under the revised Sentencing Act, trial courts are "still required under the 2005 amendments to 'place on the record, either orally or in writing, what enhancement or mitigating factors were considered, if any, as well as the reasons for the sentence, in order to ensure fair and consistent sentencing.'" *Bise* at 706 n.41 (citing T.C.A. § 40-35-210(e)). Thus, under the holding in *Bise*, "[a] sentence should be upheld so long as it is within the appropriate range and the record demonstrates that the sentence is otherwise in compliance with the purposes and principles listed by statute." *Id.* at 709.

In *State v. Christine Caudle*, No. M2010-01172-SC-R11-CD (Tenn. Nov. 27, 2012), the supreme court expanded the holding in *Bise* to the trial court's decision regarding alternative sentencing and probation eligibility, ruling "that the abuse of discretion standard, accompanied by a presumption of reasonableness, applies to within-range sentences that reflect a decision based upon the purposes and principles of sentencing, including the questions related to probation or any other alternative sentence." *State v. Christine Caudle*, ___ S.W.3d ___, No. M2010-01172-SC-R11-CD, slip op. at 7 (Tenn. Nov. 27, 2012). In consequence, we review the defendant's challenge to the manner of service of his sentence for an abuse of discretion.

The defendant argues that the presumption of reasonableness should not attach to the trial court's decision because the trial court failed to articulate the reasoning behind the sentence. This is simply not the case. To the contrary, the record reflects that the trial court gave careful and thoughtful consideration of the sentencing principles set forth in Code section 40-35-210(b). The trial court considered all enhancement and mitigating factors and clearly articulated the reasoning behind the sentence. *See Bise*, 380 S.W.3d at 706 n.41 (citing T.C.A. § 40-35-210(e)). The record further reflects that the trial court based its sentencing decision on the considerations set forth in Code section 40-35-103(1), which provides:

(1) Sentences involving confinement should be based on the following considerations:

-5-

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant; . . . .

*Id.* Although the trial court did not specifically reference this Code section in arriving at its decision, the trial court made note of the defendant's history of criminal convictions and excessive court appearances. In addition, the trial court stated that probation has not been "an effective deterrent for the defendant." Taking all of this into consideration, we conclude that the trial court did not abuse its discretion in ordering a sentence of split confinement.

Accordingly, the judgments of the circuit court are affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE